NO.
12-09-00308-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

CEDRIC LEE ALEXANDER, JR.,                  '           APPEAL FROM THE 241ST

a/k/a JEREMY FITZGERALD,

APPELLANT

 

V.                                            
'         JUDICIAL DISTRICT COURT
OF

 

THE STATE OF TEXAS,

APPELLEE                                  
'        SMITH COUNTY, TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

PER CURIAM

            Cedric
Lee Alexander appeals his conviction for evading arrest or detention. 
Appellant’s counsel has filed a brief asserting compliance with Anders v.
California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).  We dismiss the
appeal.  

 

Background

A Smith
County grand jury returned an indictment against Appellant for the offense of
evading arrest or detention.  The indictment alleged that Appellant used a
vehicle in his attempt to evade arrest and that he used a deadly weapon. 
Accordingly, the offense in this case was a third degree felony.[1]
 Appellant pleaded
guilty as charged.  There was no plea agreement with the State.  The State did
agree that several other charges would be dismissed but that the trial court
judge could consider those offenses when assessing the appropriate sentence.[2]   

The trial
court conducted a sentencing hearing.  Both the State and Appellant agreed that
the trial court should review a recording of the offense.  At the conclusion of
the hearing, the trial court sentenced Appellant to imprisonment for ten
years.  This appeal followed.  

 

Analysis
Pursuant to Anders v. California

Appellant=s counsel has filed a brief in compliance with Anders
and Gainous.  Counsel states that he has diligently reviewed the
appellate record and that he is well acquainted with the facts of this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel=s brief presents a thorough chronological summary of
the procedural history of the case and further states that counsel is unable to
present any arguable issues for appeal.  See Anders, 386 U.S. at
745, 87 S. Ct. at 1400; see also Penson v. Ohio, 488 U.S. 75, 80,
109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).  We have likewise reviewed the
record for reversible error and have found none.

 

Conclusion

As
required, Appellant’s counsel has moved for leave to withdraw.  See In re
Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig.
proceeding); Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim.
App. 1991).  We are in agreement with Appellant’s counsel that the appeal is
wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby granted,
and we dismiss this appeal.  See In re Schulman,
252 S.W.3d at 408-09 (“After the completion of these four steps, the court of
appeals will either agree that the appeal is wholly frivolous, grant the
attorney=s motion to withdraw, and dismiss
the appeal, or it will determine that there may be plausible grounds for
appeal.”).

Counsel
has a duty to, within five days of the date of this opinion, send a copy of the
opinion and judgment to Appellant and advise him of his right to file a
petition for discretionary review.  See Tex. R. App. P. 48.4; In re Schulman, 252
S.W.3d at 411 n.35.  Should Appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to
file a petition for discretionary review or he must file a pro se petition for
discretionary review.  See In re Schulman, 252 S.W.3d at 408
n.22.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this court, after which it will be forwarded to the Texas Court of
Criminal Appeals along with the rest of the filings in this case.  See Tex. R. App. P. 68.3.  Any petition for
discretionary review should comply with the requirements of Rule 68.4 of the
Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4; In re Schulman, 252
S.W.3d at 408 n.22.

Opinion
delivered July 21, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1]
See Tex. Penal Code Ann.
§§ 12.35(c)(1), 38.04(b)(1)(B) (Vernon Supp. 2009). 





[2]
See Tex. Penal Code Ann.
§ 12.45 (Vernon 2003).